IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**WELSPUN PIPES, INC. and
WELSPUN TUBULAR, LLC.,**                                     **PLAINTIFFS,**

v.                              CASE NO. 4:13-cv-418 JLH

**LIBERTY MUTUAL FIRE INSURANCE COMPANY,**

                                                                    **DEFENDANT.**

## PROTECTIVE ORDER

The Court holds that the following procedures and provisions shall apply to discovery in the above-captioned civil action (the "Action") in order to protect information of a sensitive, confidential, proprietary and/or legally protected nature, including but not limited to customer proprietary network information ("CPNI")[1], and the privacy rights of the parties or certain non-parties. The entry of this Protective Order is not, and should not be construed as, a waiver by any party or non-party of any privilege or objection to any particular discovery request.

**I.   DEFINITIONS**

   A.   "Party" means any current plaintiff or defendant in this Action (including those listed in the caption above), and any plaintiff, defendant, or other party that may be joined in this action.

   B.   "Non-Party" means any person or entity not a Party who produces documents or other information or provides testimony in response to a subpoena or other process in this Action.

---

[1] The term "Customer Proprietary Network Information" is defined in 47 U.S.C. § 222(c).

C. "Material" is defined as documents, electronically stored information, records, tangible materials, testimony, responses to discovery, and other information produced by a Party or Non-Party in discovery in this Action.

D. "Confidential Material" is defined as Material that any Party or Non-Party considers in good faith to be confidential information relating to: trade secrets, research, development, strategic planning, financial, commercial, confidential, sensitive or proprietary business, or personal information which, if disclosed, might adversely affect the competitive position or business operations of the Party or Non-Party producing such materials, or invade the privacy rights of any person. Confidential Material includes any Customer Proprietary Network Information. Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

E. The "Designator" is any Party or Non-Party who produces Material in this Action and designates any such Material as "CONFIDENTIAL" in conformity with Paragraph III.

F. "Receiving Party" is the Party that receives Material in this Action that is designated "CONFIDENTIAL" in accordance with this Protective Order.

G. "Customer Proprietary Network Information" shall have the meaning set forth in 47 U.S.C. § 222(c).

## II. DESIGNATION OF MATERIALS AS "CONFIDENTIAL"

A. Any Party or Non-Party who produces Material in the course of discovery in this Action may designate such Material as Confidential Material if that Party or Non-Party believes in good faith that the Material satisfies the definition of Confidential Material, as set forth in Paragraph I.D.

B.  The Designator shall mark the word "CONFIDENTIAL" on the face of each document and each page so designated at the time it is produced or served, or, in the case of Confidential Material contained in or on media other than paper, by affixing such a label to the information or by using its best efforts to identify the information as Confidential Material.

C.  In the event that a Party or Non-Party desires to designate specific answers or responses to interrogatories or requests for admission as Confidential Material, the Party or Non-Party shall insert the word "CONFIDENTIAL" in brackets at the beginning of the specific answer or response.

D.  In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential Material shall be made within 15 business days after receipt of the transcript by stamping "CONFIDENTIAL" on the pages that contain Confidential Material and notifying all Parties and the deponent in writing of the page and line numbers which have been designated as Confidential Material. In the absence of an agreement on the record or in writing, or an order of the Court to the contrary, all deposition testimony shall be deemed Confidential Material until the expiration of the aforementioned 15 business days.

E.  For purposes of this Action, no Party concedes that any Material designated by any other Designator as Confidential Material has been properly designated as Confidential Material. A Party shall not be obligated to challenge the propriety of the designation of Material as "CONFIDENTIAL" at the time made, and the failure to do so shall not preclude a subsequent challenge in this or any other action. If a Party challenges a designation, it shall give written notice to the Designator, and the Party and the Designator shall attempt to resolve any challenge in good faith on an informal basis ("meet and confer"). Designating Party shall have 5 days in which to review the challenged material and either re-designate the material or explain the basis

for the designation and refusal to re-designate. If the challenge cannot be informally resolved by such review, explanation, and meet and confer, the Party challenging the designation may seek appropriate relief from the Court; however, the burden of proof shall be on the Designator. The Material shall continue to be treated as Confidential Material until the issue relating to the propriety of the designation has been resolved.

  F. Any Designator may, at any time, withdraw the "CONFIDENTIAL" designation of any Material produced by that Designator.

  G. The inadvertent failure to designate or withhold any Material as confidential will not be deemed to waive a later claim as to its confidential nature, or to preclude the producing Party or Non-Party from designating such Material as confidential at a later date in writing and with particularity. The Material shall be treated by the receiving Party as Confidential Material from the time the receiving Party is notified in writing of the change in the designation.

### III. USE AND HANDLING OF CONFIDENTIAL MATERIAL

  A. Confidential Material shall be used only for purposes of preparing for and litigating this Action (including appeals) and not for any other action or other purpose.

  B. Access to Confidential Material shall be closely controlled and limited to individuals who have a demonstrable and bona fide need to review it. Confidential Material shall not be revealed or disclosed, directly or indirectly, in any manner or in any form, to any person, entity, or judicial tribunal other than:

    1. Counsel of record, members of their firms and associates, paralegals, clerical, and other employees or agents of such counsel who are assisting in the conduct and/or management of this action;

    2. The Receiving Party, including its officers, directors and employees of the Receiving Party to whom disclosure is reasonably necessary for the prosecution or defense of the Lawsuit;

  3. In-house counsel of any Party, and paralegal, clerical, and other employees assisting in-house counsel;

  4. Party deponents, current and former employees, officers, members, or directors of any Party or its affiliate who are assisting in the conduct of this Action;

  5. The United States District Court, the Court of Appeals, the Supreme Court of the United States, court personnel, court reporters, and any jury empanelled in this Action;

  6. Third party deponents and trial witnesses in this Action and their counsel during a deposition, hearing, or trial in this Action;

  7. Non-attorney consultants, experts, and outside litigation support personnel retained by counsel for any Party to this Action to assist the Party in the preparation and/or litigation of this Action;

  8. Any mediator retained by the Parties or appointed by the Court, and employees of such mediator who are assisting in the conduct of the mediation;

  9. The person or entity that wrote or received the document or gave the testimony designated as "CONFIDENTIAL"; and

  10. Others, if the Designator so agrees in writing or, for good cause shown, the Court so permits.

 C. Before any person described in Paragraphs III.B.6, III.B.7, and III.B.10 is given access to Confidential Material, the person shall review the Protective Order and agree in writing (by signing the Acknowledgement attached hereto as Exhibit A) to be bound by this Protective Order. A copy of the Acknowledgement shall be retained by counsel disclosing Confidential Material until the conclusion of this litigation, including all appeals.

 D. If Confidential Material is to be disclosed during a deposition or trial, the agreement to be bound and consent to jurisdiction may be made on the record and under oath, rather than in writing. No person to whom Confidential Material is disclosed may disclose such Confidential Material to any person other than those persons described in Paragraph III.B., above.

E.  All persons who have access to Confidential Material at any time shall take all precautions necessary to prohibit access to such Confidential Material other than as provided for herein.

F.  Any summaries or copies of Confidential Material shall bear the appropriate legend set forth in Paragraph II.B., above, and shall be subject to the terms of this Protective Order to the same extent as the information or document from which such summary or copy is made.

G.  Confidential Material that is included in any legal document (*i.e.*, any document intended to be filed with the District Court) served in this action, whether appended as an exhibit or incorporated into a pleading, affidavit, declaration, memorandum of law or other filing, shall be filed under seal subject to terms and procedures agreed to by the parties or ordered by the District Court, and such information may be disclosed by the Receiving Party only to those persons as permitted by III.B.1-10, above. Notwithstanding the foregoing, where a party wishes to include in a legal document Confidential Material, but the confidential information contained in such writing is not relevant to the purpose for which the writing is being offered to the District Court, the party including such writing in a legal document may, in lieu of filing the document under seal, submit a redacted copy of the writing. In such event, the redaction must be indicated by placing the designation "REDACTED - CONFIDENTIAL INFORMATION" on the writing. Except for material delivered to the District Court or filed with its Clerks as provided above, all materials containing information that has been designated as "CONFIDENTIAL" shall be stored under the direct control of Counsel for the Receiving Party, who shall be responsible for preventing any disclosure thereof except in accordance with the terms of this Protective Order.

H.  Nothing contained in this Protective Order shall preclude any party from using its

own Protected Material in any manner it sees fit, without prior consent of any other Party.

I. Except as otherwise permitted in this Protective Order, within 60 days after final termination of this Action (including any appeal or related proceedings in the United States District Court, Court of Appeals, and the Supreme Court of the United States), either by final judgment or settlement, all persons and entities in possession of Confidential Material shall either destroy the information and all copies thereof or return the information and all copies thereof to the Designator, at the election of the Designator.

## IV. GENERAL PROVISIONS

A. Nothing contained in this Protective Order shall restrict or limit any Party's right to present Confidential Material to a jury or a court during a trial or other hearing in this Action, and the Parties and Non-Parties shall take reasonable steps to maintain the confidentiality of such information at a hearing or at trial in such manner as the Court may direct. The use of Confidential Material at trial shall be governed by the pretrial order.

B. If any Party receives a subpoena or order demanding the production of any Material designated in this Action as "CONFIDENTIAL," the Party receiving such subpoena or order shall, within five (5) business days of the receipt of such request and not less than 10 days prior to the production of any Confidential Material, notify and provide a copy to the Designator of such subpoena or order so as to permit the Designator the opportunity to object and seek protection from the disclosure. The subpoenaed Party also must immediately inform in writing the non-party who caused the subpoena or order to issue ("Supoenaeing Entity") that some or all of the material covered by the subpoena is the subject of this Protective Order, and must deliver a copy of this Protective Order promptly to the Subpoenaeing Entity.

C. This Protective Order shall not apply to information or tangible items obtained by means independent of production by a Party or Non-Party through discovery or other proceedings in this Action. The restrictions set forth in this Protective Order shall not apply to any Material which, at the time of production, is within the public domain, or which the Designator subsequently released into the public arena.

D. Neither this Protective Order, production or disclosure of Material under this Protective Order, nor designation or failure to designate Material under this Protective Order, shall constitute a waiver of the right of the Designator to maintain the trade secret status or confidentiality of that Material in other contexts.

E. This Protective Order may be modified or amended by agreement of the Parties with the approval of the Court. To the extent that the Parties fail to agree on a modification proposed by any Party, nothing contained herein shall be deemed to preclude any Party from moving the Court, for good cause shown, for a ruling that modifies this Protective Order in any respect, or seeking additional protection for any particular information for which it deems the safeguards contained herein to be insufficient.

F. Notwithstanding anything contained herein to the contrary, counsel shall be permitted to retain copies of all court filings, trial and hearing transcripts, trial and hearing exhibits, correspondence, and attorney work product containing or reflecting Confidential Materials after final termination of this Action; provided, however, that they shall treat such materials as confidential.

G. This Protective Order shall not be construed as waiving any right to assert a claim of privilege or objection as to relevance, admissibility or other grounds for not producing Material.

H.  This Protective Order shall survive and continue to be binding after the conclusion of this Action, and this Court shall retain jurisdiction to enforce the provisions of this Protective Order.

I.  This Protective Order shall operate retroactively to the inception of this Action. Any Material produced prior to the signing of this Protective Order shall be treated as Confidential upon designation as set forth above.

## V.  INADVERTENT DISCLOSURE OF PROTECTED OR PRIVILEGED INFORMATION

A.  The inadvertent disclosure of Material covered by the attorney-client privilege or work-product protection shall be governed by Federal Rule of Evidence 502 and this Protective Order.

B.  If, in connection with the pending litigation, a Party or Non-Party (the "Disclosing Party') inadvertently discloses information subject to a claim of attorney-client privilege or work-product protection ("Inadvertently Disclosed Information"), the disclosure of the Inadvertently Disclosed Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter.

C.  If a claim of inadvertent disclosure is made by a Disclosing Party with respect to Inadvertently Disclosed Information, the Parties shall, within five (5) business days of discovering such inadvertent production, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification of counsel that all such Inadvertently Disclosed Information has been returned or destroyed.

D.  Within 21 days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, or within a different time upon written agreement of the Parties

or order of the Court, the Disclosing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

E. Nothing in this Protective Order shall limit the right of any Party to petition the Court for an order compelling production of such Inadvertently Disclosed Information, or for an in-camera review of the Inadvertently Disclosed Information.

## VI. LIMITS OF THIS PROTECTIVE ORDER

Nothing contained in this Protective Order, and no action taken pursuant to it, shall prejudice the right of any Party or Non-Party to contest the alleged relevancy, admissibility, or discoverability of the Material sought. Nor shall this Protective Order prevent any Party or Non-Party from objecting to discovery that it believes to be otherwise improper.

IT IS SO ORDERED THIS 17th DAY OF JANUARY, 2014.

J. Leon Holmes
United States District Judge

**Exhibit A**

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND**

I hereby acknowledge that I, ______________________________, am about to receive information that is being supplied by one or more of the parties in the case of *Welspun Pipes, Inc. and Welspun Tubular, LLC v. Liberty Mutual Fire Insurance Company,* Case No. 4:13-cv-418 JLH, pending in the United States District Court for the Eastern District of Arkansas, Western Division. I understand that the information is or may be subject to the terms of a Protective Order entered by the Court in said case. I hereby certify my understanding that such information is being provided to me pursuant to the terms and restrictions of the Protective Order. I have been given a copy of said Protective Order, have read it, and agree to be bound by its terms. I understand that information and any documentary material covered by the Protective Order (which includes any notes or other record that I make of such material) shall not be disclosed to others, except those listed in paragraph III.B. of the Protective Order and under the terms set forth therein.

Signature: ____________________________________

Print Name: ____________________________________

Date: ____________________________________